IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LISA MORA, an individual,

    Plaintiff,

v.

Case No.:

TD BANK N.A. AND
ADMIN RECOVERY LLC,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Lisa Mora (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files her Complaint and sues Defendants, TD Bank National Association (hereinafter "TD") and Admin Recovery LLC (hereinafter, "Admin") (collectively "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") Defendant Admin's violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, *et seq.* (hereinafter, "FDCPA") and Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

2. Additionally, this is an action for Defendants' calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite Defendants' lacking Plaintiff's consent to make such calls to her cellular telephone.

***ELECTRONICALLY FILED 03/07/2019 04:52:41 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## JURISDICTION, VENUE & PARTIES

3. This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

4. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 34.01, 47.011, and 559.77(1), 15 United States Code, Section 1692k(d), as well as 47 United States Code, Section 277(b)(3).

5. Defendants are subject to the jurisdiction of this Court as Defendant regularly transacts business in this Circuit as the events described herein occur in this Circuit.

6. Venue in this Circuit is proper because Defendants transacts business in this Circuit, and the events described herein occurred in this Circuit.

7. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

8. At all material times herein, Defendant TD Bank is a National Bank with a principal place of business in the State of Maine at TWO PORTLAND SQUARE PORTLAND, ME 04112.

9. At all material times herein, Defendant Admin Recovery LLC, is a foreign limited liability company with a principal address of 45 Earhart Drive Suite 102, Williamsville, NY 14221.

## FCCPA, FDCPA AND TCPA STATUTORY STRUCTURE

10. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

11. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

12. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added). 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

13. For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, or from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt. *See* 15 U.S.C. §§ 1692(d)-(e).

14. Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist. *See* Fla. Stat. § 559.72(7) and 559.72(9).

15. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

16.     Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at (5) and (12).

17.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

18.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

19.     At all material times herein, Defendants used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts allegedly due another.

20.     At all material times herein, Defendants are entities who regularly collect or attempt to collect, directly or indirectly debts owed or due, or asserted to be owed or due, to another from consumers in Pinellas County, Florida.

21.     At all material times herein, Defendants acted itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers and insurers.

22.     At all times material herein, Defendants attempted to collect an alleged debt due

from Plaintiff, specifically a TD Bank account ending in ▆▆▆ (hereinafter, "Debt").

23. At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

24. At all material times herein, Defendants received or was assigned the Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

25. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

**FACTUAL ALLEGATIONS**

26. On or about November 15, 2018, Plaintiff's counsel sent a letter via Certified Mail to cease communication with Plaintiff. See Cease and Desist Letter attached as Exhibit "A."

27. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number ending -4145 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV").

28. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending -4145.

29. At no time herein did Defendant possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, and/or an APV.

30. Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an

5

ATDS, a PTDS, or an APV.

31. Further, Plaintiff contends she specifically revoked consent when the cease and desist letter went out. (Exhibit A)

32. Between November 2018 and March 5, 2019, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33. Defendant Admin left automated voicemails and varied numbers between 866-703-7961, 716-817-2842, and possibly more.

34. Defendant Admin would leave automated voicemails to Plaintiff to call them back.

35. The immediately-aforementioned calls were made in an attempt to collect the Debt.

36. Plaintiff has received more than twenty (20) calls from Defendant on her Cellular Telephone using an ATDS, a PTDS, and/or an APV, in violation of the TCPA, FDCPA and FCCPA.

37. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls she is aware of that each caused stress, anxiety, and inability to use her Cellular Telephone when Defendant made such calls, all made in violation of the TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

38. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic

telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

39. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:
TELEPHONE CONSUMER PROTECTION ACT-
VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

40. Defendant TD is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by TD's agent using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

41. More specifically, Defendant TD's agent used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* twenty (20) times in its attempt to collect the Debt.

42. At no time did Defendant TD nor TD's agent possess Plaintiff's prior express consent to call Plaintiff on her Cellular Telephone.

43. Additionally, if Defendant TD contends these phone calls were made for "informational purposes only," they nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's cellular phone using and an ATDS, a PTDS, or an APV.

44. As a direct and proximate result of the immediately-aforementioned Defendant TD's conduct, namely on each of the Debt collection calls TD's agent made, Plaintiff suffered:

    a. the periodic loss of her Cellular Telephone service;

    b. lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract;

    c. expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. statutory damages.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

45. Defendant Admin is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

46. More specifically, Defendant Admin used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* twenty (20) times in its attempt to collect the Debt.

47. At no time did Defendant Admin possess Plaintiff's prior express consent to call

8

Plaintiff on her Cellular Telephone.

48. Additionally, if Defendant Admin contends these phone calls were made for "informational purposes only," they nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's cellular phone using and an ATDS, a PTDS, or an APV.

49. As a direct and proximate result of the immediately-aforementioned Defendant Admin's conduct, namely on each of the Debt collection calls made, Plaintiff suffered:

    a.     the periodic loss of her Cellular Telephone service;

    b.     lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract;

    c.     expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d.     stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.     statutory damages.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

50. Defendant TD is subject to, and violated the provisions of, Florida Statutes,

Section 559.72(18) by TD's agent communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

51. Defendant TD received a cease and desist letter from Lee Law Group and TD's agent still continued to contact the Plaintiff.

52. Specifically, at no time did TD nor TD's agent have authority to contact the Plaintiff directly.

53. As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT FOUR:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

54. Defendant Admin is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

55. Defendant TD received a cease and desist letter from Lee Law Group and TD's agent Admin still continued to contact the Plaintiff.

56. Specifically, at no time did Defendant Admin have authority to contact the Plaintiff directly.

57. As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FIVE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d

Plaintiff re-alleges paragraphs one (1) through thirty-eight (38) as if fully restated herein and further states as follows:

58. Defendant Admin is subject to, and violated the provisions of, 15 United States Code, Section 1692c, which prohibits debt collectors from communicating with the consumer upon the consumer's request to cease further communication and if that consumer is represented by an attorney. (Exhibit A)

59. As a direct and proximate result of Admin's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

    a. Judgment against Admin declaring that Admin violated the TCPA;

    b. Judgment against TD declaring that TD violated the TCPA;

    c. Judgment against Admin for statutory damages in the amount of $500.00 for each of Admin's telephone calls that violated the TCPA;

    d. Judgment against TD for statutory damages in the amount of $500.00 for each of Admin's telephone calls that violated the TCPA;

    e. Judgment against Admin for treble statutory damages in the amount of $1,500.00 for each of Admin's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

  f. Judgment against TD for treble statutory damages in the amount of $1,500.00 for each of Admin's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

  g. Judgment against Admin declaring that Admin violated the FCCPA and FDCPA;

  h. Judgment against TD declaring that TD violated the FCCPA;

  i. Judgment for actual damages in an amount to be determined at trial;

  j. Judgment for an award of reasonable attorneys' fees and costs; and

  k. Any other such relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a trial by jury on all issues triable by right

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

61. Plaintiff hereby gives notice to Defendant, and demands that it and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Consumer Law Attorneys

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**
2325 Ulmerton Rd., Ste. 16
Clearwater, FL 33762
Phone: (877) 241-2200
service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*

# Exhibit "A"



# LEE LAW GROUP

· DISCRIMINATION | CRIMINAL | BUSINESS ·

3804 W. North B Street | Tampa, Florida 33609
T: 833.3RIGHTS | F: 813.606.4500
www.FLRights.com

**SENT VIA CERTIFIED MAIL, RR: 7016 0600 0000 7027 6439**

November 20, 2018

TD Bank, N.A.
P.O. Box 84037
Columbus, GA 31908-4067

    Re:   Lisa Mora
    Acct#  Ending 2212

To Whom It May Concern:

Please allow this letter to provide notice that this office is representing the above-named debtor for the subject account. Pursuant to the Florida Consumer Collection Practices Act ("FCCPA") as well as the Fair Debt Collection Practices Act ("FDCPA"), please cease all communications with our client and direct **all communications** including, but not limited to, periodic statements to this office moving forward.

Please be advised that any future communications with our client may be considered a violation of not only the FCCPA, but the FDCPA as well, and violators risk monetary penalties.

Please update the mailing address and telephone number of the account to reflect the following:

    Haksoo Stephen Lee, Esq.
    Lee Law Group
    3804 W. North B St.
    Tampa, FL 33609-1232
    Hlee@FLRights.com
    813.606.4533

If TD Bank, N.A. is interested in discussing settlement of the above account, please contact our office.

Sincerely,

Haksoo Stephen Lee, Esq.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>TD Bank, N.A.<br><br>PO Box 84037<br><br>Colombus, GA 31908 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:     ☐ No | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 3445 7275 0862 70 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise |
| 2. Article Number (Transfer from service label)<br><br>7016 0600 0000 7027 6439 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>   Mail Restricted Delivery<br>   00) | ☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



9590 9402 3445 7275 0862 70

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



Lee Law Group
3804 West North B St.
Tampa, FL 33609